UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PAYTEL, INC.,

       Plaintiff,

                                                                                 Civil No. 06-14867
                                                                                  Hon. John Feikens

       v.

VOICEWARE SYSTEMS, INC., and
BRIAN BETRON,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**

       Plaintiff Michigan Paytel, Inc. brings suit against Defendants Voiceware Systems, Inc. (Voiceware) and Brian Betron for breach of contract. Defendants move this Court to transfer the case against them to the Southern District of Florida pursuant to a forum selection clause in their contract. I GRANT this motion to transfer the case. I dispense with oral argument in this case as it would not help me reach my decision. See E.D. Mich. L.R. 7.1(e)(2).

**I.      FACTUAL BACKGROUND**

       Plaintiff, a Michigan corporation based in Oakland County, provides pay telephone services to various jails in Southeast Michigan for use by the inmates. (Compl. ¶¶ 1 & 5.) Defendant Brian Betron is and was for all relevant times the President of Defendant Voiceware. While Betron was in Michigan selling Voiceware products to another pay-phone company, he represented to Plaintiff that Voiceware could provide both an "automated collect call processing system computer program and hardware" that would be compatible with Plaintiff's existing

phone system. (Pl. Resp. Br. 2.) After these representations, Plaintiff decided to enter into a contract with Voiceware that day. (Cf. Pl. Resp. Br. 2 to Compl. Ex. A.) The contract contained both an integration clause[1] and a forum selection clause[2] indicating that disputes regarding this contract were to be brought in either the state or federal court in Palm Beach County, Florida. (Compl. Ex. A ¶ 19.) Representatives of Plaintiff present at the time of signing, President Douglas Saroki and Vice-President Ramy Sesi,[3] allegedly agreed to the forum selection clause only after Betron represented that the "computer system was guaranteed to work" and that "there [was] no need to worry about the forum selection clause since [Betron] had built systems all over the world, including Africa and Europe, and he never had an issue relative to this section."[4] (Pl. Resp. Br. 3.) After this representation and one other,[5] Plaintiff agreed to the contract. (Id.) Several handwritten changes were made to the agreement at the time of signing, but no change was made either to the forum selection or to the integration clause. (See Mot. to Transfer Ex. 1.)

---

[1] "There are no covenants, conditions, or agreements between the parties accept [*sic*] as set forth in this Agreement and it may only be amended by a written instrument executed by both parties." (Compl. Ex. A ¶ 19.)

[2] "Any action regarding this agreement, other than for replevin or repossession of the goods sold to Customer, shall be brought only and exclusively in the State or Federal Court located in Palm Beach County, Florida and the Parties consent to such venue in said forum and waive any objection thereto ...." (Compl. Ex. A ¶ 19.)

[3] Notably, Mr. Sesi is an attorney with over twenty years of experience. (Pl. Resp. Br. Ex. 3 ¶ 2.) His practice appears to be primarily in transactional work including commercial transactions and joint ventures. (Sesi & Sesi, P.C.: Practice Areas, http://www.sesilaw.com/practice_areas/ (last visited Feb. 26, 2007).)

[4] In fact, the President of Plaintiff explicitly admits that he "specifically discussed the forum selection clause" with Sesi. (Pl. Resp. Br. Ex. 4 ¶ 16.)

[5] The other representation was a guarantee read directly from the text of the contract. (Pl. Resp. Br. 3.)

Plaintiff alleges that Voiceware misrepresented its ability to provide the necessary computer hardware and software, and knowingly or negligently sold Plaintiff a computer system that included outdated software and hardware. (Compl. ¶¶ 10 & 13.) The Complaint contains four claims for legal relief related to this central allegation. Plaintiff asserts that all of its witnesses are in Michigan. (Pl. Resp. Br. 4-5.) It further alleges that to be able to prove its case, Plaintiff would require every one of its employees as well as Michigan police officials from approximately sixty jails to testify, and it would be too expensive to transport all of those individuals to Florida for a trial. Id.

**II.   ANALYSIS**

1.   Legal Standard for Transfer Under 28 U.S.C. § 1404

A District Court may transfer any case to any other district where the case originally may have been brought. 28 U.S.C. § 1404(a). "To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." Fluidtech, Inc. v. Gemu Values, Inc., 457 F. Supp.2d 762, 766 (E.D. Mich. 2006) (Cleland, J.) quoting Kepler v. ITT Sheraton Corp., 860 F. Supp. 393, 398 (E.D. Mich. 1994) (Gadola, J.). Normally the burden to prove the propriety of a transfer is on the party seeking the transfer; however, the burden shifts when the parties have previously executed a valid forum selection clause. The party opposing the transfer then must persuade the Court that "the contractual forum is sufficiently inconvenient to justify retention of the dispute." Fluidtech, 457 F. Supp.2d at 766; see also Preferred Capital, Inc. v. Assocs. in Urology, 453 F.3d 718, 722 (6th Cir. 2006) (defining "sufficiently inconvenient" as "so inconvenient as to, in effect, afford

no remedy at all, thus 'depriving litigants of their day in court') (internal citations omitted). To prove a forum selection clause is invalid due to fraud, a party must show "the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause;" a general allegation of fraud in the formation of the contract as a whole is insufficient. Preferred Capital, 453 F.3d at 722.

2.      The Case Should be Transferred due to the Forum Selection Clause

This case should be transferred because Plaintiff is unable to show that the clause is invalid, and Plaintiff is unable to show that the Southern District of Florida is sufficiently inconvenient to justify my retention of the suit.[6]

   *A.     The Forum Selection Clause is Valid*

Plaintiff has failed to show sufficient evidence that the forum selection clause is invalid. Plaintiff's argument for the invalidity of the clause is essentially an argument that Defendants' guarantees convinced Plaintiff not to worry about the clause. (See Pl. Resp. Br. 6-7; Pl. Resp. Br. Exs. 3 & 4.) There are two fatal flaws with this argument, however. First is the actual content of Defendants' guarantees. According to Plaintiff, Betron told the representatives for Plaintiff not to worry about the forum selection clause because the "computer system was guaranteed to work" and because "he had built systems all over the world ... and he never had an issue relative to this section." (Pl. Resp. Br. 3.) These guarantees have nothing to do with the forum selection clause itself. They may serve to persuade a signatory that it is unlikely that any dispute will occur, but they have nothing to do with the essence of a forum selection clause:

---

[6]The parties do not dispute that the text of the forum selection clause applies to this case, as it is not an action for "replevin or repossession of goods sold to Customer." (See Pl. Resp. Br. 6-9 (arguing unenforceability of clause but not inapplicability of clause).)

<u>where</u> such a dispute will occur should one arise.  Thus, any fraud that might have occurred was not relating to the forum selection clause itself, but to the content of the guarantees.  Second and also fatal to Plaintiff's claim is the presence of its Vice-President at the negotiations, Ramy Sesi. (Pl. Resp. Br. Ex. 3 ¶ 9.)  It borders on the ridiculous that a company represented by an attorney with twenty years experience in commercial transactions would expect that a forum selection clause in a fully integrated contract would be ignored because the contract's author represented he has never had a problem with it.  For either of these reasons, Plaintiff has failed to show that the forum selection clause is unenforceable.

   B.  *The Forum Selection Clause Should be Heeded*

Plaintiff has failed to meet its burden to show that litigation in the Southern District of Florida would yield an undue burden on it, and therefore I will heed the clause.  Plaintiff argues that the transfer would be unjust and unreasonable, and that the clause is unfair.[7]  The reasons given to support these arguments are that many witnesses are in Michigan and it would place an undue cost on Plaintiff to transport them all to Florida.  (Pl. Resp. Br. 7-9.)  Plaintiff further argues it is unfair to make a company that never left Michigan go to Florida to litigate a dispute created only after Voiceware came to Michigan.  (<u>Id.</u>)  Defendants reply that the forum selection clause was part of the bargain and that permitting this suit to continue in Michigan would deprive them of the benefit of their bargain.  (Def't Reply Br. 4-5.)  I find Defendants' argument has greater merit.  Courts have repeatedly found that forum selection clauses are bargained for

---

  [7]Plaintiff further argues that the choice of law provision dictates that Michigan law governs this dispute.  (Pl. Resp. Br. 9-10.)  Even if Plaintiff is correct this does not outweigh the other evidence dictating the forum selection clause should be heeded.  Therefore, I make no finding on this issue.

concessions and should be given weight.  See, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (indicating forum selection clause creates economic benefits for contractual party).  I do not doubt it will cost Plaintiff more to litigate in Florida than it would to do so in Michigan.  I also do not doubt the inverse, however, and therefore fail to find Plaintiff's argument of unreasonability to be persuasive.  See Detroit Coke Corp. v. NKK Chemical USA, Inc., 794 F. Supp. 214, 220 (E.D. Mich. 1992) (Rosen, J.) (holding a claim of financial hardship cannot be used to invalidate a forum selection clause) citing Moses v. Business Card Express, Inc., 929 F.2d 1131, 1138-39 (6th Cir. 1991).  As for Plaintiff's argument that litigating in Florida is unfair, I also find that unpersuasive.  Plaintiff knew it was agreeing to litigate any disputes regarding this contract in Florida.  If this arrangement strains its resources, it has no one but itself to blame.  I therefore find Plaintiff is unable to meet the burden required for this Court to ignore the forum selection clause, and for that reason GRANT Defendants' motion.

### III.     CONCLUSION

For the abovementioned reasons, I GRANT Defendants' motion to transfer the case to the Southern District of Florida.  This transfer shall be effectuated forthwith.

**IT IS SO ORDERED.**

Date:    February 27, 2007                         s/John Feikens
                                                   United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on February 27, 2007, by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager